## Carrick Borough v. Wanemaker Heirs.

*William M. Ewing*, for plaintiffs.

*Elmer A. Barchfeld*, for Carrick Borough.

ROWAND, J., Jan. 4, 1929.—This is before the court upon petition of Mary Wanemaker to strike from the record the municipal lien filed at the above number and term. Upon examination of the record, it appears the work for which this lien was filed was begun on July 29, 1924, and completed Nov. 24, 1924, and that viewers were appointed thereon and hearings had. The schedule was filed and was confirmed *nisi* on April 21, 1925. The municipal claim sets forth that the report of the viewers was confirmed absolutely on Oct. 14, 1925, and it appears from the record the lien was filed Oct. 25, 1925. The number and term at which the proceedings for the board of viewers is filed is No. 105, April Term, 1925, and an examination of this record discloses that the report of the viewers was not confirmed absolutely until Nov. 16, 1925, or twenty-four days after the filing of the lien.

Under the Act of May 16, 1891, P. L. 69, it is provided in section 2, *inter alia*: "Any city, borough, township or other municipal division of the State entitled to such lien may, within six months from the date of decree or order finally fixing such assessment, file a lien therefor in the office of the prothonotary of any Court of Common Pleas of the county in which the property lies. Such lien shall state the name of the party claimant, which shall be in the city, borough, township or other municipal division of the State making such improvement, the owner or reputed owner and a reasonable description of the property, the amount or sum claimed to be due, for what improvement the claim is made, and the time when the assessment is finally confirmed or made."

There can be no question, we take it, under the requirements of this act, that the final assessments on the owner became liens after the time of the confirmation of the report or a final decree of the court fixing such assessment. The lien having been filed twenty-four days before the final confirmation by the court, it was prematurely filed and cannot stand. The rule, therefore, is made absolute.

From William J. Aiken, Pittsburgh, Pa.